UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
ROLF H. KRAEMER,                             :     Case No. 1:16-cv-2364
                                             :
       Plaintiff,                     :
                                             :
vs.                                          :     OPINION & ORDER
                                             :     [Resolving Doc No. 59, 61]
WHIZCUT AMERICA,                             :
                                             :
       Defendant.                     :
                                             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In June 2017, the parties settled this case and placed the terms of their agreement on the record in open court.[1] Nearly nine months later, despite the fact that the Court granted an earlier motion to enforce that settlement, the parties have yet to memorialize their agreement. Defendant WhizCut America claims that this is due to Plaintiff Rolf Kraemer's intransigence and Kraemer's counsel's refusal to communicate with WhizCut's counsel.[2] Kraemer protests that WhizCut has attempted to insert terms into the written agreement that were not part of the settlement agreement placed on the record.[3]

WhizCut now moves—once again—to enforce the settlement agreement; it also asks for attorneys' fees related to enforcing the agreement.[4] And Kraemer moves for entry of judgment under Rule 58.[5]

For the reasons that follow, the Court **GRANTS** WhizCut's motion to enforce the settlement agreement and for attorneys' fees and **GRANTS IN PART AND DENIES IN PART** Kraemer's motion for entry of judgment.

---

[1] Doc. 53.
[2] Docs. 61, 64.
[3] Doc. 63.
[4] Doc. 61. Plaintiff opposes. Doc. 63. Defendant replies. Doc. 64.
[5] Doc. 59. Defendant opposes. Doc. 60. Plaintiff replies. Doc. 62.

Case No. 1:16-cv-2364
Gwin, J.

## I. BACKGROUND

In September 2016, Plaintiff Kraemer sued Defendant WhizCut America and former Defendant WhizCut of Sweden AB for patent infringement.[6] WhizCut of Sweden later moved to dismiss Kraemer's claims against it[7] and this Court granted the motion.[8] At that point, WhizCut of Sweden ceased to be a party to this case.

On June 8, 2017, the remaining parties settled the case and the terms were read into the record in open court.[9] Under the terms of the settlement, Kraemer released his claims against both WhizCut America and WhizCut of Sweden; agreed to grant a license to both; and was to receive $27,500.00.[10]

Additionally, the parties agreed that (1) the WhizCut entities would not mark the product as related to Kraemer's patent; (2) the WhizCut entities would not admit to any form of liability; (3) Kraemer would indemnify the WhizCut entities against third party claims based on the patent; (4) the WhizCut entities would not attack the patent; (5) the settlement would be confidential; and (6) the parties would not disparage each other.[11]

But the parties then began fighting over exactly what they had agreed to. In November 2017, WhizCut America filed a motion to enforce and Kraemer responded by arguing that he had only agreed to grant a license to WhizCut America, not to WhizCut of Sweden.[12] On December 1, 2017, the Court rejected Kraemer's argument, concluded that he had agreed grant licenses to both WhizCut entities, and granted the motion to enforce.[13]

---

[6] Doc. 1.
[7] Doc. 42.
[8] Doc. 49.
[9] Doc. 53.
[10] *Id.*
[11] *Id.* at 5–6.
[12] Docs. 55, 56, 57.
[13] Doc. 58.

Case No. 1:16-cv-2364
Gwin, J.

On January 15, 2018, Defendant WhizCut America responded via email to a draft settlement agreement sent by Plaintiff Kraemer.[14] WhizCut America's counsel forwarded a new document based on Kraemer's draft with "only a few minor modifications."[15] They received no response, despite following up on January 22 and January 25.[16]

Instead, on January 26, Kraemer's counsel filed a motion for entry of judgment under Rule 58 of the Federal Rules of Civil Procedure.[17] When he was notified, WhizCut America's counsel again followed up with Kraemer's counsel—to no avail.[18] A fourth follow-up email on January 29 again went unanswered.[19]

Faced with the stubborn silence of Kraemer, Defendant WhizCut America filed a second motion to enforce the settlement agreement and an opposition to the motion for entry of judgment on February 6, 2018.[20] When Kraemer's counsel filed a reply to the opposition on February 13, WhizCut America's counsel made another appeal for communication, writing:

> I had thought you perhaps were no longer receiving email given your failure to respond. But I see you filed a reply today in this case. If you're able to do that, why will you not respond to my email requesting an executed settlement agreement? What am I missing? The agreement is identical in all substantive respects to the one you requested my clients sign. Won't you please provide the courtesy of a response?[21]

This message did, at last, provoke a February 14 response from Kraemer's attorney.[22] But he merely said that he was working on a response to the motion to enforce and might contact WhizCut America's attorney when he was finished.[23]

---

[14] Doc. 61-1 at 2; Doc. 63-1 at 6–9.
[15] Doc. 61-1 at 2.
[16] *Id.* at 3–4.
[17] Doc. 59.
[18] Doc. 61-1 at 5.
[19] *Id.* at 6.
[20] Docs. 60, 61.
[21] Doc. 64-1 at 2.
[22] Doc. 64-2 at 2.
[23] *Id.*

Case No. 1:16-cv-2364
Gwin, J.

WhizCut America's counsel replied, again seeking to discuss any issues Kraemer might have with the draft agreement:

> [G]iven that we used your document, not ours, as the settlement agreement, what is your disagreement? What in the world is the impasse? And why would you be responding to my motion rather than simply responding to the numerous emails I've written you? A response may have made my motion unnecessary, just as it might make your response unnecessary. What in the world is going on? This is just insane. In almost 40 years of doing this, I've never seen anything like it.[24]

Kraemer's counsel did not reply.

Despite ignoring WhizCut America's attempts to resolve the disagreement over the form of the written settlement, Kraemer has continued to file briefs in support of his motion for entry of judgment and in opposition to the motion to enforce.[25] As a consequence, both motions are now fully briefed and the case remains unresolved.

After reviewing the motions to enforce and for entry of judgment, the Court ordered Defendant WhizCut America to file under seal the most recent draft settlement agreement exchanged between the parties.[26]

## II. LEGAL STANDARDS

### A. Motion to Enforce

A district court may enforce a settlement agreement if "agreement has been reached on all material terms,"[27] even if the agreement hasn't been reduced to writing.[28] That said, "[t]he [C]ourt must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement."[29] An evidentiary hearing is not required where the parties have not requested a hearing or "the record shows that all the essential terms had been agreed upon in open court and

---

[24] *Id.*
[25] *See* Doc. 62, 63.
[26] Doc. 65.
[27] *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).
[28] *Id.*
[29] *Id.*

-4-

all that remained was to sort out the non-material details and put the agreement in writing."[30]

**B. Inherent Powers Sanctions**

"[A]s part of its inherent powers, a district court may award attorney[s'] fees in its discretion without statutory authorization . . . for bad faith or oppressive litigation practices."[31] To justify the award of attorneys' fees the Court must find that an attorney willfully abused the judicial process by conduct "tantamount to bad faith."[32]

**C. Rule 58 Judgment**

Rule 58(a) of the Federal Rules of Civil Procedure requires that "[e]very judgment and amended judgment must be set out in a separate document . . . ." The Rule also empowers a party to "request that judgment be set out in a separate document as required by Rule 58(a).[33]

### III. ANALYSIS

**A. Defendant WhizCut is Entitled to Enforcement of the Settlement Agreement**

"[A] district court has the inherent authority and duty to require the parties to an action that have settled their dispute to execute settlement documents that reflect their agreement."[34]

The Court has reviewed the settlement agreement submitted by WhizCut America and finds that it accurately reflects all of the material terms placed on the record at the settlement conference. While the agreement also contains additional, ancillary terms—e.g., terms governing interpretation of the contract, choice of law, and notice procedures—those terms do not materially alter the nature of the agreement between the parties.[35] Moreover, Kraemer did not object to those

---

[30] *RE/MAX Int'l., Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001).
[31] *Jaynes v. Austin*, 20 F. App'x. 421, 427 (6th Cir. 2001) (*citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y.*, 421 U.S. 240, 275 (1975)).
[32] *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–66 (1980)).
[33] Fed. R. Civ. P. 58(d).
[34] *Jaynes*, 20 F. App'x. at 426.
[35] *See RE/MAX Int'l., Inc.*, 271 F.3d at 647–50.

additional terms in his opposition to the motion to enforce.

Kraemer's explanation for his failure to execute the agreement is that WhizCut America has been attempting to insert terms at variance with those put on the record, specifically a term that would deprive the Court of jurisdiction to enforce the agreement.[36] The Court finds no such jurisdiction-stripping term in the agreement filed under seal; nor does it find any other term contradicting the terms of the settlement placed on the record.

There are a few minor issues with the agreement, namely:

(1) Paragraph 3.3 provides that all parties will bear their own attorneys' fees and costs, but that will be inconsistent with the Court's award of fees in this Order;

(2) Paragraph 5 requires WhizCut to pay Kraemer by January 31, 2018—a date which has already passed; and

(3) Paragraph 5 fails to specify which account the wire transfer will be made to.

But all of these issues stem from Kraemer's refusal to communicate with WhizCut America to facilitate a timely execution of a written agreement between the parties.

To remedy the issues caused by that delay, the Court will order Plaintiff Kraemer to provide Defendant WhizCut America, within three days of this order, the account number for the bank account where he wishes his money deposited. Within seven days of this order, WhizCut America will be required to provide to Kraemer a revised draft agreement (1) striking paragraph 3.3, (2) replacing the date in paragraph 5 with a date not more than ninety days after the entry of this Order, (3) including in paragraph 5 the bank account information provided by Kraemer, (4) and in all other ways identical to the agreement filed as Document 66. The parties will both be ordered to execute the revised agreement within fourteen days of this Order.

---

[36] Doc. 63 at 1–2.

**B. Defendant WhizCut is Entitled to Reasonable Attorneys' Fees from January 15, 2018.**

In light of the settlement agreement, Kraemer had an obligation to work in good faith to memorialize the terms of the agreement.[37] The Court finds that he failed to do so after WhizCut America provided a revised draft settlement agreement on January 15, 2018. Instead, Kraemer persistently refused to execute the proposed settlement agreement, ignoring WhizCut America's counsel's frequent attempts to resolve any impasse.

Kraemer provides no explanation for his conduct and his behavior appears to have been calculated to obstruct and delay the execution of a final settlement agreement. For that reason, the Court finds that Kraemer acted in bad faith by refusing to complete the agreement and orders that he pay WhizCut America's attorneys' fees related to the enforcement of the settlement agreement from January 15, 2018, through the entry of this Order.

The Court will not award attorneys' fees for expenses incurred prior to January 15. Kraemer's earlier arguments regarding the terms of the settlement agreement were not frivolous and the Court does not find that there were communication difficulties before January 15.

WhizCut America has not yet provided documentation supporting its calculation of attorneys' fees. As a result, the Court cannot determine the amount of fees to be awarded at this time. WhizCut America is ordered to provide the Court with documentation of its attorneys' fees from January 15, 2018, through the date of this Order.

**C. Plaintiff Kraemer is Entitled to a Rule 58 Judgment Entry**

Rule 58 entitles Kraemer to a separate judgment entry unconnected to an order of dismissal. But the Court will not enter a judgment entry containing the terms of the settlement agreement, because it is the settlement agreement itself—not a judgment of this Court—that entitles Kraemer

---

[37] *See RE/MAX Int'l., Inc.*, 271 F.3d at 646–47.

Case No. 1:16-cv-2364
Gwin, J.

to $27,500. As a result, the Rule 58 entry will state that the case is dismissed and the Court retains jurisdiction to enforce the settlement agreement.

## IV. CONCLUSION

For those reasons, the Court **GRANTS** Defendant WhizCut America's motion to enforce the settlement agreement and its motion for attorneys' fees.

Plaintiff Kraemer is therefore **ORDERED** to provide Defendant WhizCut America, within three days of this Order, the bank account number associated with the account where he wishes settlement funds to be deposited. Kraemer is **FURTHER ORDRED** to execute within fourteen days of this Order the amended settlement agreement provided by WhizCut America as directed below.

WhizCut America is **ORDERED** to provide Kraemer, within seven days of this Order, a draft settlement agreement identical to the one filed as Document 66-1, except that WhizCut America shall:

(1) Strike paragraph 3.3 from the draft agreement; and

(2) Amend paragraph 5 of the draft agreement to include the bank account provided by Kraemer and specify a date of payment not more than ninety days from the date of this Order.

WhizCut America is **FURTHER ORDRED** to execute that agreement within fourteen days of this Order and to file within seven days of this order documentation supporting its request for attorneys' fees related to seeking enforcement of the settlement agreement from January 15, 2018, to the present.

Case No. 1:16-cv-2364
Gwin, J.

The Court also **GRANTS IN PART AND DENIES IN PART** Plaintiff Kraemer's motion for entry of judgment. That judgment shall be entered as a separate order.

IT IS SO ORDERED.

Dated: March 9, 2018                             *s/      James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE